Nov. Term,
1856.

MALLETT
v.
PAGE.

*A. Ellison*, for the appellant.

---

## MALLETT and Wfe *v.* PAGE and Another.

A note, and mortgage to secure the same, if made upon the consideration of natural love and affection, will be supported, where there are no rights of creditors, or other third persons, intervening to disturb the rights of the parties thereto.

The recitals in a mortgage, if made under the direction of the owner of the mortgaged premises by one who is not the owner thereof, will operate as an estoppel *in pais* upon the owner, unless this fact be modified by other circumstances.

Any act or words evincing the grantor's intention to deliver a deed, as leaving it at the proper office to be recorded, is *prima facie* a delivery.

It is not competent for one who has directed another to execute and deliver a mortgage upon his own property to a third person, to set up against the mortgage a contemporaneous understanding between himself and the mortgagor inconsistent with the terms of the mortgage.

The commencement of a suit for the recovery and enforcement of a note and mortgage, by the mortgagee in this case, is sufficient evidence of her acceptance thereof.

A party cannot revoke his act after others have acquired vested rights under it.

A. directs his son B. to mortgage a portion of his own lands to his infant daughter, C., to secure the payment to her of a sum of money, promising to convey the same to B. at a subsequent time. The mortgage was executed and delivered according to directions, the only consideration for A.'s promise being his natural love and affection for his children. He subsequently changed his mind before conveying to B. the lands mortgaged to C., and without authority from C. entered the

mortgage satisfied upon the record: *Held,* that upon suit brought by *C.* and *D.,* her husband, against *A.* and *B.,* to set aside such entry of satisfaction as fraudulent, and foreclose the mortgage, the plaintiffs were entitled to the relief sought. *Held,* also, that a resulting trust in favor of *A.* could not arise, in such case, upon any pretext whatever.

APPEAL from the *Knox* Court of Common Pleas.

STUART, J.—*Mallett* and *Josephine,* his wife, filed their complaint against *Page* and *Page,* to foreclose a mortgage.

*Josephine Mallett* was the daughter of *Dominique Page,* one of the defendants, and the sister of *John B. Page,* the other defendant.

The complaint states that on the 18th of *August,* 1847, *John* executed to *Josephine,* while sole and a minor, two writings obligatory, by which he agreed to pay her 125 dollars *April* 1, 1852, and a like sum *April* 1, 1855. To secure the debt, *John* executed to her a mortgage on a certain tract of land, valued at 3,000 dollars, which was caused to be recorded by her father, *Dominique Page,* with the consent of *John B. Page.* At this time *Josephine* was a minor of thirteen years of age, and under the protection of her father; and at the time of suit brought was still a minor. It is further alleged that the debt is unpaid; that the notes and mortgage were placed in the hands of *Dominique Page* for safe keeping; that no other suit was prosecuted. It is charged that her father and brother being dissatisfied with her marriage, have either secreted or destroyed the notes and mortgage, and fraudulently combining, &c., the father has entered satisfaction of said mortgage on the record, in the name of said *Josephine.*

Prayer that the fraudulent entry of satisfaction be set aside, and the premises sold to satisfy the debt, &c.

*John B.* answers, that the notes and mortgage were without consideration; and denies that he has conspired to defraud her, or that he has destroyed or secreted the mortgage, &c.

*Dominique* answers, that the notes and mortgage in

the complaint mentioned, were executed by his co-defendant, and delivered to him (*Dominique*), to be kept until he should convey to said *John B.* the tract of land mentioned in the mortgage, and not otherwise; that the notes and mortgage were executed for the purpose of disposing of his property—both *John* and *Josephine* being his children—and for no other consideration, and they were never delivered to the plaintiff; that he afterwards changed his mind, and concluded not to convey to his co-defendant; that he did not conspire with *John*, &c.

The plaintiffs demurred to the several paragraphs of the answer; but it is not material to notice any of them except the demurrer to the answer of *Dominique*.

The demurrer, in substance, is, that it does not show facts sufficient to meet the charge in the complaint, of his having entered satisfaction of the mortgage on the record, in the name of one of the plaintiffs.

The record is somewhat confused as to the disposition made of the demurrer. It first shows that the demurrers were overruled and replies filed. At a subsequent day it appears that the overruling the demurrer was reconsidered, and, in the language of the Court, that the cause was held up for advisement.

At the next term the parties appeared and proceeded to trial, without any notice of the demurrer to *Dominique's* answer, or any disposal of the issue of law thus raised.

The issues were tried by the Court. Finding and judgment for the defendants. *Mallett* and wife appeal.

We are of opinion that the notes and mortgage should be sustained. It may be very true that the father changed his mind; but it does not thence follow that the rules of law should be accommodated to his change of opinion.

There can be no doubt but that the recitals contained in the mortgage, made as it was by his son, under his direction, estop him from contesting the title of the mortgaged premises—provided the other circumstances do not modify this fact.

As little can it be doubted that natural love and affection was a good consideration for the notes and mortgage.

It seems equally clear that the mortgage was delivered. It was left for record at the proper office, and that is *prima facie* a delivery. *Gilbert* v. *North American Insurance Company*, 23 Wend. 43.—*Hammell* v. *Hammell*, 19 Ohio, 17.—*Tompkins* v. *Wheeler*, 16 Pet. 106. No particular form is necessary to perfect the delivery of a deed. *Murray* v. *Earl of Stair*, 2 Barn. and Cress. 82. A deed may be delivered by any acts or words evincing the intention of the grantor to deliver it. Thus in *Folly* v. *Vantuyl*, 4 Halst. 153, *Folly* made a bond to his daughter, and holding it up to her, said, "*Mary*, this is your bond—what shall I do with it?"—adding, "I will take care of it for you." He then indorsed it "*Mary's* bond," and put it away in his trunk. This was held to be a good delivery.

Nor can the father show any contemporaneous verbal understanding between him and his son, inconsistent with the face of the mortgage. *Jacobs* v. *Finkel*, 7 Blackf. 432.

There are no intervening rights of creditors or third persons to disturb the right of the original parties, as flowing from their acts. It is simply a question whether *Dominique Page* shall be bound by his donation or gift to his daughter. That he is so bound does not admit of controversy. The note and mortgage are supported by a sufficient consideration, duly executed, delivered and recorded. This suit is abundant *prima facie* evidence of their acceptance by his daughter. Under these circumstances, it is wholly immaterial to her rights what changes came over her father's mind. His acts had fixed those rights beyond revocation. *Baker* v. *Leathers*, 3 Ind. R. 558. Nor could there be any pretext here of a resulting trust to the father. *Stanley* v. *Brannon*, 6 Blackf. 193. So that the right of the daughter to the note and mortgage seems to be clear. The entry of satisfaction on the mortgage by *Dominique Page* was therefore unauthorized and void.

Nov. Term,
1856.

*Per Curiam.*—The decree is reversed with costs, with instructions to the Court below to set aside, as fraudulent and void, the entry of satisfaction on the record of the mortgage; and to enter a decree in favor of the complainants for the amount of the note and interest, subjecting the mortgaged premises to the payment thereof, in the usual form.

*R. N. Carnan*, for the appellants.