## BAKER *v.* WILLIAMS and Others.

DECEDENTS' ESTATES.—*Heir.*—A., who was a soldier, being at home on fur-
lough, deposited $175 with B., who thereupon executed a written instrument
as follows: "Due" A. "$175, which I am to pay him when called on, and
in case of his death, I am to pay it to his sister," C., "or her guardian; and
it is further agreed that I am not to pay any interest on the same, unless I
should use it in my business; then I am to pay six per cent. for the time I
use it, keeping an account of the length of time I use it;" dated, and signed by
B. A. returned to the army, and there died, leaving said sister and a brother
as his only heirs at law, and said sum was paid by B. to the guardian of C.
*Held*, in a suit by said brother of A. against said sister and her guardian, to
recover one-half of said sum, there having been no administration of the
decedent's estate, and there being no debts against it, that the plaintiff was
not entitled to recover.

APPEAL from the Morgan Circuit Court.

PETTIT, C. J.—Thomas J. Baker, the appellant, sued Wil-
liam Williams, John Jackman, and Jane Jackman. The com-
plaint was, in substance, that on the — day of ——, 186–,
one David A. Baker departed this life at ———, leaving as
his only heirs at law the plaintiff and defendant, Jane Jack-
man, late Jane Baker (intermarried with defendant John Jack-
man), who were brother and sister of deceased; that deceased
left a claim due him from one Sweet of one hundred and
seventy-five dollars, due April 10th, 1864, which claim is
evidenced by a memorandum in writing, as follows, to wit:
"Due David A. Baker one hundred and seventy-five dollars,
which I am to pay him when called on, and in case of his
death, I am to pay it to his sister, Jane Baker, or her guard-
ian; and it is further agreed that I am not to pay any inter-
est on the same, unless I should use it in my business; then
I am to pay six per cent. for the time I use it, keeping an ac-
count of the length of time I use it.

"April 10th, 1864.                    AUSTIN SWEET."

That on the — day of ——, 186–, the defendant William
Williams, then guardian of the defendant Jane Jackman,
procured the said Austin Sweet to pay him said sum of one
hundred and seventy-five dollars belonging to the heirs of

said David A. Baker, deceased; that said defendant Williams now holds said sum of money, together with the interest thereon, and refuses to pay to the plaintiff, as one of the heirs of the deceased, his, plaintiff's, one undivided half of said money. Plaintiff further says, that there never was any administration upon the estate of said deceased, and that there are no debts against said estate. Prayer for judgment for one-half of the money.

To this the defendant answered, first, the general denial; second, that David A. Baker has departed this life, and that he left heirs surviving, the plaintiff and the defendant Jane, his brother and sister and only heirs at law, and that at the time of his death he gave and deposited with Austin Sweet the sum of one hundred and seventy-five dollars in cash, and said gift and deposit was evidenced by a certain writing, a copy of which is filed with the complaint. Said defendants further say, that at and prior to the time of the execution of the same, David A. Baker had been and was a soldier in the army of the United States, and as a part of the proceeds of his services as a soldier, he had in his possession and was the owner of said sum of one hundred and seventy-five dollars, and on returning to the army after an absence therefrom, he put said sum in the hands of said Sweet, upon the agreement and understanding with him, said Sweet, and with the declaration to said Sweet, that if he, said David A. Baker, should not return home alive and claim said money, he, Sweet, should deliver, and pay over said money to said Jane, said money to be her own money as a gift and donation to her from the said David A. Baker, declaring at the time he placed the money in the hands of said Sweet, that he intended his said sister to have the money, if he did not return from the army; and for the purpose of securing the said money to the said Jane, in the event of the death of him, the said David A. Baker, in her own right, as the absolute owner thereof in her own separate right, the said writing was executed; and accordingly, after the death of the said David A. Baker, the said Sweet paid over said money

Baker *v.* Williams and Others.

to said defendants; that it was not paid to them as the administrators of the estate of said deceased, nor did the said deceased intend that the defendants should administer on his estate. Wherefore the defendants pray judgment.

To the second paragraph of the answer there was a demurrer for want of sufficient facts, &c., which was overruled, and exception was taken, and this ruling is assigned for error, and presents the only question before us in the case.

A soldier was at home on a furlough, and was about to return to the ranks of his country's armies, where death was quite as likely as life; he had one hundred and seventy-five dollars, and an adult brother, and an infant sister, and with a brother's love for her glowing in his breast, he went to his trusty friend, and said, here is all I have; I am called to the post of honor, but of danger; if I return, give it again to me, but if I die, give it to my infant sister or her guardian. The writing was made accordingly. The soldier died, and the money was paid to his infant sister according to the contract, and we cannot and will not disturb its possession. We hold that the written memorandum was an obligation to pay the money to the soldier if he lived to demand it, but if not, to pay it to his sister. The soldier died, and the money has been paid to his infant sister, and no ruthless hand should be allowed to disturb that sacred memorial of a brother's love.

The demurrer should have been sustained to the complaint; for the written memorandum given by Sweet shows that no one had any legal interest in the money but the soldier and his infant sister, for whom he was so mindful and careful to provide. Law and equity alike require that the money shall remain where it is.

The judgment is affirmed, at the costs of the appellant.

*A. Ennis,* for appellant.