Lochenour v. Lochenour.

LOCHENOUR v. LOCHENOUR.

TRUSTS.—*Implied Trust Resulting from Payment of Purchase-Money.*—Prior to the act of June 17th, 1852, 1 R. S. 1876, p. 915, relating to trusts, it was a rule of law in this State, that where, upon the purchase of real estate, the conveyance thereof was taken in the name of one person, and the purchase-money therefor was paid by another, a resulting or presumptive trust resulted in favor of the latter.

SAME.—*Husband and Wife.*—Where such conveyance was taken in the name of the wife, and the purchase-money was paid by the husband, no such trust resulted to the latter, but the whole title vested in the wife.

SAME.—*Agreement of Wife to Hold for Husband.*—An agreement in such case, by the wife, to hold the land in trust for her husband, was one which under section 5, p. 312, R. S. 1838, she had no power to make, and was therefore ineffectual.

From the Washington Circuit Court.

*H. Heffren*, for appellant.

*T. A. Collins* and *A. B. Collins*, for appellee.

NIBLACK, C. J.—This was an action concerning a tract of land lying in Washington county.

The complaint was in two paragraphs. The first was in the ordinary form for the recovery of the possession of the land. The second was for quieting the title.

The defendant, Joseph Lochenour, answered in three paragraphs. The first was in general denial of the first paragraph of the complaint. The third was in general

denial of the second paragraph of the complaint. The second was by way of counter-claim, and was addressed particularly to the second paragraph of the complaint.

The defendant, in his counter-claim, alleged, that, in the year 1838, having already purchased at the public land-offices as much of the public lands as he was permitted to do by the laws of the United States then in force, he entered the tract of land in suit at the land-office at Jeffersonville, in the name of the plaintiff, Mary Lochenour, who was then his wife, taking the certificate of purchase therefor in her name, and paying the purchase-money for the same with his own money; that a patent was afterward, and in due time, issued by the President of the United States, upon such land-office certificate, in the name of the plaintiff; that, ever since his said purchase of said tract of land, he had held full possession of the same, claiming and using it as his own, and paying taxes upon it out of his own means, without any objection from the plaintiff or any assertion of ownership on her part; that, during all said period of time, he had cultivated said land, and had from time to time made valuable improvements thereon; that he was still in the possession of said land, and, by reason of the premises, the owner in fee-simple of the same. Wherefore the defendant prayed that his title might be quieted.

A demurrer having been sustained to this counter-claim, the defendant filed an additional paragraph by way of counter-claim, which was formally addressed to the first paragraph of the complaint, setting up substantially the same facts as in the counter-claim above recited, omitting the reasons there assigned for purchasing in the name of the plaintiff, but alleging that said purchase was "with the distinct understanding" between him and the plaintiff that it was in trust for him; alleging, also, that, although the patent was issued in the name of the plaintiff, it was really in trust for him; also, that the plaintiff

had obtained a decree of divorce from, and a judgment for alimony against, him, in 1874, which was before the commencement of this suit. Wherefore the defendant again prayed that his title might be quieted.

A demurrer was also sustained to this additional counter-claim.

There was then a trial by the court, and a finding and judgment for the plaintiff for the possession of the land.

It is claimed here, that, upon the facts stated in the counter-claim first filed, above stated, a trust resulted, by implication of law, in favor of the defendant.

At the time of the purchase of the land in suit from the United States, and until the act concerning trusts and powers, approved June 17th, 1852, (1 R. S. 1876, p. 915; *Glidewell* v. *Spaugh*, 26 Ind. 319,) enacting differently, went into effect, it was undoubtedly a well recognized general rule of law in this State, that where, upon the purchase of real property, the conveyance of the legal title was taken in the name of one person, while the purchase-money was paid by another, a resulting or presumptive trust immediately arose, by virtue of the transaction, in favor of the person paying the purchase-money. Hill Trustees, 4th ed., p. 91; *Elliott* v. *Armstrong*, 2 Blackf. 198; *Jenison* v. *Graves*, 2 Blackf. 440; *Blair* v. *Bass*, 4 Blackf. 539; *Barnett* v. *Goings*, 8 Blackf. 284.

But this rule was not given a universal application. If the person, in whose name the conveyance of the property was taken, was one for whom the party paying the purchase-money was under a natural or moral obligation to provide, no resulting or presumptive trust arose from the fact of the payment of the purchase-money; but, on the contrary, the transaction was regarded, *prima facie*, as an advancement for the benefit of the grantee under the conveyance. Hill Trustees, 4th ed., p. 97; 2 Washburn Real Property, 4th ed., p. 469.

As the defendant was under a moral, as well as legal,

obligation to provide for the plaintiff, we must regard the transaction described in the counter-claim under consideration as, *prima facie,* an advancement to the plaintiff, and not as creating her a trustee for the defendant. *Baker* v. *Leathers,* 3 Ind. 558.

This doctrine of presumptive advancement was recognized as applying expressly to the case of a purchase by a husband in the name of his wife. Hill Trustees, p. 98.

It is also claimed here, that, upon the facts stated in the counter-claim, secondly above referred to, an express trust was declared in favor of the defendant, by virtue of his alleged "distinct understanding with the plaintiff, that the" land in controversy was purchased in trust for him.

But, to make the declaration of an express trust effectual, the person declaring it must be capable of making such a declaration. Rev. Stat. 1838, p. 312, sec. 5.

In the case at bar, the plaintiff was a married woman, the wife of the defendant, at the time the alleged declaration of an express trust was made by her. She was, therefore, then incapable of making such a declaration, or of becoming a trustee for the defendant, in the manner set forth in the counter-claim under discussion. 2 Washburn Real Prop., 4th ed., p. 205.

From what has been said, it follows that the demurrers were correctly sustained to both of the counter-claims.

As the rulings we have made upon the points considered, as above, are practically decisive, against the appellant, of all the other questions arising upon the record, it is unnecessary that we shall extend this opinion by the further discussion of the same principles in greater detail.

The judgment is affirmed, at the costs of the appellant.