Filed Nov. 26, 1883.

---

No. 10,697.

## PRUITT v. PRUITT ET AL.

91  595
138  223
91  595
140  215
140  465
91  595
149  428
149  430

DEED.— *Contract.—Rescission.—Lien for Purchase-Money.—Notice.—Executed Gift.—Infant.—Acceptance.*—A mother by deed conveyed lands to a son specifying therein that the consideration was natural love and affection and the sum of $300, to be paid by the grantee to another son J., an infant, when he became twenty-one years of age, "which the grantee hereby obligates himself to do." As evidence of his acceptance of the deed, and his obligation to pay as recited, the grantee also signed and acknowledged the deed, and had it properly recorded. J., on reaching his majority, sued upon the contract, making the grantee and N. and I. defendants, averring in his complaint the foregoing facts, a breach of the contract, that the grantee was a non-resident with no personal property in this State, and that N. and I. became owners of the land by purchase afterwards.

*Held,* that the complaint was good against each defendant—against the grantee for a personal judgment, and against N. and I. to enforce a lien for purchase-money, of the non-payment of which the recorded deed was, to them, constructive notice.

*Held*, also, that an answer by N. and I., that the contract was rescinded by the parties thereto while the plaintiff was an infant, and before he had knowledge of it, and the land reconveyed to the mother, from whom N. and I. afterwards purchased, paying full value, without actual notice of the plaintiff's claim, and that no valuable consideration moved from him, was bad on demurrer.

From the Bartholomew Circuit Court.

*F. T. Hord* and *W. B. Hord*, for appellant.

*G. W. Cooper*, for appellees.

HAMMOND, J.—This was an action by the appellant against the appellees to enforce a lien alleged to exist upon real estate in favor of the appellant, by virtue of a. conveyance from Nancy Pruitt to the appellee Alexander Pruitt.

The complaint alleges that Nancy Pruitt, who was the mother of the appellant and the appellee Alexander, being the owner of the real estate in controversy, conveyed the same to said Alexander by warranty deed on the 12th day of November, 1860.

The deed, after the description of the real estate, contains the following provision respecting the payment of the purchase-money : " The consideration to be paid for said tracts of land is this, to wit : That said Alexander Pruitt is my son, and in consideration of the affection I bear him, and the further consideration that the said Alexander Pruitt is to pay to my son Joseph Thomas Pruitt the sum of $300 when the said Joseph Thomas arrives at the age of twenty-one years, which the said Alexander Pruitt hereby obligates himself to do, and that said Nancy Pruitt is to have the possession, use and benefit of the said tracts of land so long as she shall live, free of any charge, rent or other obligation whatever."

The appellee Alexander Pruitt accepted said deed, and, as an evidence of his acceptance thereof and his agreement to pay the appellant the sum specified at the time named, signed his name to said deed and joined with the grantor in the acknowledgment of its execution. He also caused said deed to be duly recorded.

At the time of said conveyance, the appellant, to whom the purchase-money was to be paid, was only five years of age. He attained his majority October 9th, 1876. Nancy Pruitt died in 1874. The appellees Nevitt and Isenogle became the owners of the land by purchase after the conveyance to said Alexander. At the time of bringing this action said Alexander was, and had been for a number of years prior thereto, a non-resident of the State, and had no personal property in the State. The complaint averred that the amount to be paid the appellant by the terms of the deed, with interest after his majority, was due and unpaid.

The appellees demurred jointly and severally to the complaint, for want of sufficient facts. These demurrers were overruled and proper exceptions saved.

As they have assigned as cross errors the overruling of these demurrers, they will be noticed before proceeding to the consideration of the errors assigned by the appellant. No objection to the complaint is urged in behalf of the appellee Pruitt. As to the other appellees, two objections are made against the complaint: *First.* That it does not aver that said appellees were the owners of the land at the time of bringing the action; and, *Second.* That no demand before suit is alleged. These objections are not well taken. The complaint avers that the appellees Nevitt and Isenogle became the owners of the land by purchase after the conveyance from Nancy to Alexander Pruitt. The contrary not appearing, the presumption would be that their ownership still continued. The complaint, as to them, only authorized a judgment *in rem.* If they had ceased to own the land, no judgment could be rendered that would harm them.

No demand before suit is necessary where the time for payment is fixed in the contract. *Frazee* v. *McChord,* 1 Ind. 224; *Ferguson* v. *State, ex rel.,* 90 Ind. 38. The contract embraced in the deed, upon which the appellant predicates his action, provides for the payment of $300 to him on his arriving at the

age of twenty-one years. Thus the time of payment was fixed. It was ascertainable by inquiry, and no demand was necessary. The provision in the deed that the grantee should pay the appellant the sum named, and the acceptance of the deed by the grantee, made the latter personally liable for its payment. This sum being the unpaid purchase-money of the land became a lien thereon in favor of the appellant. 1 Jones Mort., sections 205 and 214. The record of the deed showing that the purchase-money was unpaid, and that it was payable to the appellant, was constructive notice to the appellees Nevitt and Isenogle, as subsequent grantees. *Croskey* v. *Chapman,* 26 Ind. 333; *Sample* v. *Cochran,* 84 Ind. 594.

The complaint stated a good cause of action against the appellees, and there was no error in overruling their demurrers thereto.

The appellees Nevitt and Isenogle answered in four paragraphs, the last being the general denial. The appellee Pruitt answered in one paragraph. The appellant demurred to the first, second and third paragraphs of the answer of Nevitt and Isenogle and also to the answer of Pruitt. These demurrers were overruled. A reply was then filed. Trial by the court; finding for the appellees, and judgment on the finding, over the appellant's motion for a new trial. The assignment of errors challenges the correctness of the overruling of the demurrers to the special answers, and the overruling of the motion for a new trial.

The facts stated in all the special paragraphs of the answer were to the same effect, and substantially as follows:

When Nancy Pruitt made the conveyance to Alexander Pruitt the appellant was only five years of age. The agreement to pay the appellant $300 was not founded upon any valuable consideration moving from him. On September 11th, 1867, before the appellant had any knowledge of the provision made in the deed in his behalf, said Nancy and Alexander, by mutual agreement, rescinded their said con-

tract, and in consideration of the said sum of $300 which Al-
exander was to pay to the appellant, he reconveyed by war-
ranty deed said real estate to said Nancy, which she accepted
in full payment of said sum, and released said Alexander
from his agreement to pay the same to the appellant. The
answers of Nevitt and Isenogle also aver that after the re-
conveyance by Alexander to Nancy they purchased the real
estate of the latter, paying her full value therefor, without
any actual notice of the appellant's claim.

The question is, whether, under the facts stated, Nancy's
attempted release of Alexander from the payment of the sum,
stipulated in his deed from her to be paid to the appellant,
had the effect intended.

The delivery of the deed to Alexander, containing the pro-
vision for paying the purchase-money to the appellant, be-
came, as to Mrs. Pruitt, an executed gift of Alexander's
promise to pay the purchase-money to the appellant. The
placing of the deed upon record operated in favor of the ap-
pellant as well as the grantee. From the beneficial character
of the provision for the appellant, an acceptance may be
presumed. In the case of a minor, no formal acceptance of a
gift is required to make it binding. The law implies an ac-
ceptance even though the infant be ignorant of the gift. It
becomes binding and irrevocable as soon as it passes from the
control and dominion of the donor. *Stewart* v. *Weed*, 11 Ind.
92; *Rinker* v. *Rinker*, 20 Ind. 185; *Wyble* v. *McPheters*, 52
Ind. 393; *Baker* v. *Williams*, 34 Ind. 547; *Williams* v. *Wal-
ton*, 8 Yerger, 387 (29 Am. Dec. 122); *Minor* v. *Rogers*,
40 Conn. 512 (16 Am. R. 69); *Kerrigan* v. *Rautigan*, 43
Conn. 17.

In *Howard* v. *Windham County Savings Bank*, 40 Vt. 597,
one Almira Goodell deposited of her own money $200 in a
bank in the name of her niece, Adaline F. Brown, a married
woman, who died without knowledge of the deposit. Almira
Goodell afterward died, and the deposit-book was found among

her effects. It was held that the money was so transferred and delivered by the deposit as to place it beyond the control of the donor, and that the gift was perfected.

It is well established law that when a gift is consummated it is irrevocable except by the consent of the donee. Our conclusion is that in the case before us the gift was executed, and that it was, therefore, beyond the power of Mrs. Pruitt to discharge her son Alexander from the payment of the debt. Two decisions of this court strongly support the validity of the appellant's claim. The first to which we refer is *Mallett* v. *Page*, 8 Ind. 364. In that case a father directed his son to execute two notes for $125 each to his infant daughter, and to secure the same by mortgage on real estate which the father promised to convey to the son. The notes and mortgage were accordingly executed and made payable to the daughter, and delivered to the father to be kept until he should execute the deed to the son. The mortgage was placed on record. The father and son afterward changed their minds. The father entered satisfaction of the mortgage of record, and the contract between the father and son was regarded as rescinded. The daughter married, and in a suit by her and her husband on the notes and mortgage, it was held that they were entitled to recover. It was said in that case : "We are of opinion that the notes and mortgage should be sustained. It may be very true that the father changed his mind ; but it does not thence follow that the rules of law should be accommodated to his change of opinion." It is true that case is criticised in *West* v. *Cavins*, 74 Ind. 265, but the criticism itself is authority in favor of the appellant in the case at bar. Speaking of the decision in *Mallett* v. *Page*, *supra*, this court, in *West* v. *Cavins*, *supra*, said :

"If the father had made a binding contract with the son to convey the land, and in consideration of that contract the son had executed the note and mortgage, the transaction would have been entirely valid and binding on all the parties, and

the conclusion of the court on the whole case clearly right." The condition, which it is said would have made the decision in that case right, existed in the case before us. Here the mother made the contract with her son, binding by an actual conveyance to him of the land, in consideration of which he promised, by the acceptance of the deed, to pay the appellant the sum sued for. When this was done, and when the deed containing the agreement to the appellant was placed on record, this act itself amounting to a *prima facie* delivery of the contract to the appellant, then the matter passed beyond the control of the mother, and the subsequent attempt by her and Alexander to rescind the contract did not affect the appellant.

The other case to which we refer is *Henderson* v. *McDonald*, 84 Ind. 149. In that case Mary Pray, being the owner of certain real estate, joined with her husband in a deed of the same to their son Leander. At the same time Leander entered into a written contract with his parents, securing the same by mortgage on the real estate conveyed to him, to the effect that, in consideration of the conveyance, he would support and pay them $50 a year each during their natural lives, and, also, that in one year after the death of both, he would pay his sister Mary, afterward married to Henderson, the sum of $700. Leander performed his contract with respect to his parents. His father died in 1866. After his death Leander's mother, for a valuable consideration, satisfied the mortgage of record. Leander, after this, conveyed the land for value to McDonald. The mother died in 1876. When the mortgage was executed the parents were not, in any way, indebted to their daughter Mary. Before the release of the mortgage Mary had notice that some provision had been made by her parents to pay her $700, and she executed to one Hopkins, a power of attorney, authorizing him to collect it for her. More than a year after the death of her mother Mary brought suit against McDonald to set aside the satisfaction of the mortgage, and for its foreclosure. This court decided in her

favor, saying: "The provision, having been made upon a good and upon an executed consideration, was irrevocable by the parties who made it. Consequently, the so-called release of the mortgage, entered on the record of it by Mary Pray, did not release the mortgagors from the payment of the money secured by it to the plaintiff, nor discharge the lien created by the mortgage in favor of the plaintiff. The provision made for the plaintiff by her parents was neither a gift *inter vivos*, nor a donation *mortis causa*, but was a settlement of a portion of her mother's estate upon her, somewhat in the nature of a bequest, and in such a beneficial way as to require no express acceptance on her part. The acceptance of such a provision will be presumed, in the absence of evidence of a refusal to accept it."

We are of the opinion that the special paragraphs of the appellees' answers, setting up the attempted cancellation of the agreement between Mrs. Pruitt and the appellee Alexander, did not state facts sufficient to constitute any defence to the appellant's action. The demurrers to such answers should have been sustained.

As the judgment will have to be reversed, other alleged errors need not be considered.

Judgment reversed, at the appellees' costs, with instructions to the court below to grant the appellant a new trial, to sustain his demurrers to the first, second and third paragraphs of the answer of Nevitt and Isenogle, and to the answer of Pruitt, and for further proceedings in accordance with this opinion.

Filed Dec. 11, 1883.