Filed Nov. 5, 1885.

---

No. 12,113.

VAUGHAN *v.* GODMAN ET AL.

DEED.—*Delivery.—Acceptance.—Quieting Title.— Conveyance of Parent to Infant Child.—Presumption.*—Where, in an action by a father against his daughter to set aside a deed and quiet title, the facts undisputed are, that the father, without any money consideration, and without the knowledge of the grantee, conveyed to his daughter, a child six and one-half years old, living with her father, by deed in fee simple, the real estate in controversy, and shortly thereafter caused said deed to be recorded, it will be presumed that the deed was delivered to, and accepted by, the grantee.

PRACTICE.—*Weight of Evidence.*—The Supreme Court will not reverse a judgment upon the weight of the evidence where there is evidence tending to sustain the finding of the lower court.

From the Tippecanoe Circuit Court.

*W. C. Wilson, J. H. Adams, J. A. Wilstach* and *J. N. Wilstach,* for appellant.

*J. R. Coffroth, H. W. Chase* and *F. S. Chase,* for appellees.

ZOLLARS, J.—We copy from the opinion rendered in this cause upon a former appeal, and reported as *Vaughan* v. *Godman,* 94 Ind. 191, the following summary of appellant's complaint:

"Appellant was the owner of parts of two lots in the city of Lafayette, which he acquired by purchase and deeds—one in the year 1864 and one in 1865. This property was bought for a family residence, was paid for by appellant out of his earnings, and constituted the whole of his property. In 1859 appellant married Mrs. Shay; she did not at that time, nor

did she at any time thereafter, own any property. Appellee Catharine was born in 1861; when she was five years old a brother of the mother's deceased husband threatened to sue appellant for a debt of $500, due him from the deceased husband, which appellant had never, in any manner, obligated himself to pay. At this juncture appellant consulted a distinguished lawyer, and upon his advice, as stated in the complaint, appellant and his wife 'conveyed both said pieces of real estate to their said daughter, said defendant Catharine Vaughan, in order that the said plaintiff and his wife might not be molested with a lawsuit, and that the property might be preserved in the family, without expense of a litigation, by a deed dated October 19th, 1867, without any consideration, except the purpose of preserving the property, and for the expressed consideration of one dollar.' The averments of the complaint in relation to the delivery of the deed are as follows: 'Plaintiff further avers, * * * that said Catharine Vaughan, at the date of said deed, was only of the age of five years; that said deed was never delivered to her; * * * that this plaintiff, without any knowledge on the part of said Catharine Vaughan, took said deed, on the 21st day of October, 1867, to the office of the recorder of said county, and procured and paid for the recording of the same, and on or about the 1st day of November, 1867, obtained the same again from said recorder, and placed the same with his own papers, where it has ever since remained, and has never left his possession, nor been in the possession of said Catharine Vaughan, nor any other person except this plaintiff and his counsel. And the plaintiff further says and expressly avers, that said deed to said Catharine Vaughan was never delivered to her, nor to any person or persons for her; she had no knowledge whatever of said deed at the time it was signed, nor for more than twelve years thereafter, and the title was never accepted by her, nor possession taken by her, nor by any person for her (except the recent possession of said guardian appointed December 29th, 1880, be ac-

counted such possession).' It is further made to appear by the complaint that appellant occupied the property as a family residence until the death of his wife, and for some time thereafter, and remained in the possession until the appointment of the guardian for Catharine in 1880, paid the taxes, made improvements, collected the rents, etc."

The prayer of the complaint is that the deed be declared to be a nullity and be cancelled and held for naught, and that a commissioner be appointed to convey the real estate to the plaintiff, Vaughan. Since the action was commenced, the daughter's name has been changed by marriage.

Citing *Taylor* v. *McClure*, 28 Ind. 39, *Somers* v. *Pumphrey*, 24 Ind. 231, *Mallett* v. *Page*, 8 Ind. 364, *Tallman* v. *Cooke*, 39 Iowa, 402, and 3 Washb. Real Prop. (4th ed.) 284, we held upon the former appeal, that a deed may be delivered by the grantor having it recorded, if his purpose in so doing is to effectuate a delivery.

Citing the above authorities, and the cases of *Hotchkiss* v. *Olmstead*, 37 Ind. 74, *Berry* v. *Anderson*, 22 Ind. 36, *Thatcher* v. *St. Andrew's Church*, 37 Mich. 264, *Jones* v. *Swayze*, 42 N. J. 279, *Gilbert* v. *North American Fire Ins. Co.*, 23 Wend. 43, *Byars* v. *Spencer*, 101 Ill. 429, and Martindale Law of Conv., sections 204, 206, 212 and 222, it was further held that if a deed is recorded by the procurement of the grantor, that is, *prima facie*, a delivery, especially when the conveyance is to a minor ; that this *prima facie* case may be overthrown by evidence ; that the question of delivery is one of fact to be determined upon the evidence ; that in all disputes as to whether or not a deed has been delivered, the important inquiry is to ascertain the intent of the grantor in the act, or several acts, which it may be claimed constitute a delivery ; that in such inquiry the question is, did he intend to divest himself of title and lodge it in the grantee? And, again, citing some of the above authorities, and *Cecil* v. *Beaver*, 28 Iowa, 241 (4 Am. R. 174), *Spencer* v. *Carr*, 45 N. Y. 406 (6 Am. R. 112), *Guard* v. *Bradley*, 7 Ind. 600, *Squires* v.

*Summers*, 85 Ind. 252, *Bryan* v. *Wash*, 7 Ill. 557, *Reed* v. *Douthit*, 62 Ill. 348, *Rivard* v. *Walker*, 39 Ill. 413, and 3 Washb. Real Prop. (4th ed.), p. 284, it was held that where the grant is to a child, by way of a gift, and is beneficial in effect, acceptance of the deed will be presumed, although the deed may be retained in the possession of the grantor.

In accordance with the holdings above stated, it was further held, reversing the judgment, that disregarding some of the averments in the complaint, because they are statements of evidentiary facts, rather than of the ultimate fact, the repeated allegation, that the deed was not delivered, rendered the complaint good as against the demurrer directed against it, although the grantor had caused the deed to be recorded. These rulings are supported by the subsequent cases of *Jones* v. *Loveless*, 99 Ind. 317, *Fitzgerald* v. *Goff*, 99 Ind. 28, and *Bremmerman* v. *Jennings*, 101 Ind. 253.

Since the reversal upon the former appeal, the case has been tried below; the relief asked by appellant was denied, and judgment was rendered against him for costs. The overruling of appellant's motion for a new trial is the only assigned error. That motion raises the single question of the sufficiency of the evidence to sustain the finding and judgment of the trial court. That appellant is the father of appellee, Catharine Godman; that in October, 1867, without any money consideration, he and his then living wife, who was her mother, signed and acknowledged a deed, which upon its face is a deed of conveyance in fee simple to said appellee of the real estate in dispute; that appellant shortly thereafter caused the deed to be recorded; that at that time appellee was about six and one-half years old, and lived with her parents, are facts about which there is no dispute.

Upon these undisputed facts the following presumptions, if none other, arise:

*First.* That the deed was delivered.

*Second.* That it was accepted by the grantee.

These presumptions make a *prima facie* case in favor of

appellee and against appellant. He can not recover in this action until he meets and overthrows this *prima facie* case against him.

The substance of appellant's testimony is as follows : He purchased the real estate in controversy, paid for it with his own means, made improvements upon it, paid the taxes upon it, and possessed and controlled it until 1880, when appellee's then guardian deprived him of the possession. In 1867 his wife, who afterwards died, was an invalid. About that time he received a letter from a brother of his wife's deceased husband, demanding that he, appellant, should pay a debt of $500 which the deceased husband owed. He consulted a distinguished lawyer, now dead, and was advised by him, that while the claim might not be collectible from him by law, he had better convey the real estate to the daughter, and thus save the expense of a litigation. For the purpose and intention of thus avoiding the expense of a litigation and the payment of the claim made upon him, and to save the property for himself, he and his wife executed the deed, and he had it recorded, and has always thought that the daughter had no claim in or to the property. At the time the deed was made, the daughter was about six and one-half years old. She paid nothing, and knew nothing of the deed until she was eighteen or nineteen years old. About this time, without a demand from him, she said that she would deed the property to him when she became of age. Subsequently, she asserted that the property was hers. After the deed was recorded, he kept it in a trunk a part of the time, but until the death of his wife, in 1872, he kept it in a drawer, to which his wife had access.

The substance of appellee Catharine's testimony is as follows: She was twenty-three years old in March, 1884, and was about twelve years old when her mother died. The family lived on and in the property in dispute for two years preceding her mother's death. Shortly before her death, the mother explained the deed to her, and told her that the property was hers, that it would make a home for her, and that

she should always keep it. The father, appellant, was often present when these conversations about the deed and property occurred; he, too, said that the property had been deeded to her and was hers. The deed was kept in a bureau drawer of which the mother had charge. Appellee had access to the drawer, and had read the deed before her mother's death. One Mr. McGrath was appointed appellee's guardian about the year 1880.

Another credible witness testified, that when the appointment of McGrath was about to be made, appellant desired to be appointed, and said that if appellee would consent to his appointment, she might keep the property; that he intended she should have it, but she had acted so, and treated him so, that he was going to take it from her.

We have here a question, not upon the sufficiency of averments in the complaint, as upon the former appeal, but a question upon the sufficiency of the evidence. It is clear that upon the above evidence we could not reverse the finding and judgment of the trial court, without the violation of the well settled rule, that this court will not reverse a judgment upon the weight of the evidence, where it tends to sustain the finding and judgment of the court below. The reason of that rule has been so often stated that we need not re-state it here. We can not say that appellant has met and overthrown the presumption that confronted him upon the undisputed facts at the outstart. It is clear that appellee Catharine has never declined to accept the conveyance. On the other hand, her entire course of conduct has been in keeping with the presumption that she accepted the deed and grant made to her. Appellant's testimony, too, supports the presumption that by procuring the deed to be recorded, he meant to deliver it, and lodge the legal title to the property in appellee Catharine. His purpose in making and recording the deed manifestly was, so far as he could in that manner, to place the property beyond the reach of the person making the unjust demand upon him.

In the finding and judgment of the court below is necessarily included the finding that the deed was delivered and accepted. We can not disturb that finding, and must deal with the case upon the assumption that the deed, absolute in form, was delivered and accepted. When that conclusion is reached, the case is disposed of.

It may be very unfortunate for appellant that he made the deed. The case appears to be one of hardship to him, and of ingratitude upon the part of the daughter. The deed, however, was voluntarily executed, and there is nothing in the case, as made upon the trial, that would justify or authorize a court to overthrow it. See *Mallett* v. *Page*, 8 Ind. 364; *Cecil* v. *Beaver*, 28 Iowa, 241; *Rivard* v. *Walker*, 39 Ill. 413; *Gage* v. *Gage*, 36 Mich. 229; *Lochenour* v. *Lochenour*, 61 Ind. 595.

The judgment is affirmed, with costs.

