## Tansel, Administrator, *v.* Smith et al.

[No. 7,698. Filed January 13, 1911. Rehearing denied April 27, 1911. Transfer denied January 12, 1912.]

1. Deeds.—*Sufficiency to Convey Present Estate.—Testamentary Dispositions.—Infants.*—A deed of general warranty with a recital after the description therein that the grantor is "to retain the possession of the above-described property until his death, then to go to the above-named" grantee, delivered to a third person to be delivered to the grantee, an infant, at the death of the grantor, gives to such grantee the fee-simple title, and does not constitute a testamentary disposition, an acceptance, by an infant, of a beneficial conveyance being presumed. pp. 266, 267, 268.

2. Deeds.—*Delivery.—Escrow.*—The unconditional delivery of a deed to a third person to be delivered, on the happening of a certain contingency, to the grantee, constitutes a present delivery to such grantee. p. 267.

3. Deeds.—*Fraud.—Evidence.*—A deed cannot be held fraudulent, where there was no evidence of fraud. pp. 267, 270.

4. Evidence.—*Declarations of Title Subsequent to Conveyance.*— Declarations of title by a grantor, after he has conveyed the land in question, are not admissible to show his ownership at such time. p. 267.

5. Deeds. — *Recording.—Fraud.—Presumptions.—Creditors.*—Under §3962 Burns 1908, §2931 R. S. 1881, providing that all deeds and mortgages, and leases for more than three years, that are not recorded within forty-five days "shall be fraudulent and void as against any subsequent purchaser, lessee or mortgagee in good faith and for a valuable consideration," there is no presumption that such an unrecorded deed is fraudulent as to the grantor's present or future general creditors. p. 268.

From Probate Court of Marion County (8,937) ; *Frank B. Ross,* Judge.

Suit by Robert B. Tansel, as administrator of the estate of Robert B. Myers, deceased, against Blanche Smith and others. From a decree for defendants, plaintiff appeals. *Affirmed.*

*Charles B. Clarke, Walter C. Clarke, William W. Spencer* and *Edwin Spencer,* for appellant.

*John W. Kern,* for appellees.

IBACH, J.—On May 3, 1909, Robert B. Tansel, as administrator of the estate of Robert B. Myers, deceased, filed his verified petition in the office of the clerk of the probate court of Marion county, Indiana, alleging, in substance, that decedent died intestate; that he left no personal property with which to pay debts, but that at the time of his death he owned an undivided half interest in certain real estate in Marion county, Indiana, the interest therein being valued at $600, and praying for authority to sell said interest to pay debts

He also averred in his petition that decedent left surviving him two granddaughters, Blanche Smith and Clara Alley, his sole and only heirs at law, who, with their respective guardians, were made parties defendant.

Defendant Alley answered in general denial, and Blanche Smith, through her guardian, filed a special answer, in which she averred that at the time of the death of her grandfather, Robert B. Myers, he had no title nor interest in the land described in the petition, but that she held title thereto, by virtue of a certain warranty deed executed to her by decedent in his lifetime; that after the deed was signed, it was placed in the hands of one Vance, who was at the time instructed to hold it until the death of Myers, and then deliver it to grantee; that said deed was delivered to her after the death of Myers. She also filed a general denial.

Appellant filed three paragraphs of reply; the first in general denial, the second admitting that Myers signed and acknowledged the deed, referred to in the action, but that there was no consideration for said instrument but love and affection, and that he intended by the instrument to make a testamentary disposition of his real estate to the grantee; that he reserved to himself the right to recall and retake possession of the deed, and that he retained all right and ownership to the land up to the time of his death; that the deed was not recorded until March 8, 1909; that after he

signed the deed he incurred debts, and left no other property with which to pay them. The third paragraph of reply charges fraud, in that he executed the deed and delivered it to Mrs. Vance to be given to the grantee after his death, for the purpose of defrauding those who might do service for him, or care for him during his last sickness; that he wrongfully concealed the fact of the execution of the deed from his creditors, but represented to them that he was the owner of the land.

The demurrer to this reply was overruled. The court tried the case below, and a judgment was finally entered in favor of defendant Blanche Smith on her first paragraph of answer. Appellant then filed a motion for a new trial. The overruling of this motion is the only error presented for reversal.

The following is a copy of the deed filed with the answer of appellee Smith:

"This indenture witnesseth, that Robert B. Myers, unmarried, of Marion county, in the State of Indiana, conveys and warrants to Blanche Smith, of Marion county, in the State of Indiana, for the sum of $100, in hand paid, the receipt of which is hereby acknowledged, the following real estate in Marion county, in the State of Indiana, to wit; Beginning at the southwest corner of the southeast quarter of the northwest quarter of section twenty-four, in township fifteen north, of range two east; thence north forty rods; thence east thirty-two rods; thence south forty rods; thence west thirty-two rods, to the place of beginning, containing eight acres. This deed is subject to all the liens on the above-described property. The conditions of this deed are as follows, to wit: Robert B. Myers to retain the possession of the above-described property until his death, then to go to the above-named Blanche Smith. In witness whereof said Robert B. Myers has hereunto set his hand and seal this....day of...., A. D., 190..

Robert B. Myers, (L. S.)

C. C. Vance,
C. A. Oyler."
Vance and Oyler signed as witnesses.

The conveyance under consideration contains none of the language or peculiarities of a will. All the requirements of a statutory deed are to be found in it, and it plainly vests present estate in fee simple in the grantee, unless the recital following the description of the land manifests a contrary intent. We do not think such such an intent appears on the face of the deed.

"An instrument executed conformably to the statute, which is to operate in the lifetime of the grantor, and which passes any estate in the property during the grantor's lifetime, even though the absolute enjoyment of the estate passed is postponed until after the grantor's death, is a deed, and not a will." *Spencer* v. *Robbins* (1886), 106 Ind. 580. See, also, *In re Will of Diez* (1872), 50 N. Y. 88.

It appears from the evidence in this case that Myers was an old man in failing health. For a number of years he had lived with his granddaughter, the grantee, upon this land. Decedent had the deed prepared; then he signed and acknowledged it, and delivered it to Mrs. Vance. He told her that he had deeded the place to Blanche, and wanted Mrs. Vance, as soon as she heard of his death, to have the deed recorded. She testified that she brought the deed home with her and kept it in her possession until Myers died, when she had it recorded. At the time he handed the deed to her, there was not a word said by him about retaining possession of the instrument, or retaining any control over it.

The undisputed facts in this case force the conclusion that it was the intention of decedent so to place the title of the property involved that it should at once pass to the grantee upon the delivery of the deed to Mrs. Vance. He deposited the deed unconditionally, relinquishing all authority and control over it, and we must conclude that the custodian received it then for the use and benefit of the grantee.

The deed was absolute in its form, beneficial in its effects, and the delivery so made by Myers to the custodian

for the grantee made it effective from the date of
2. such delivery the same as if it had been delivered to
the grantee by the grantor in person. The delivery
was complete when the grantor had surrendered all author-
ity and dominion over the deed, and put it beyond his
power to modify, reclaim or retake it, and an acceptance on
the part of the grantee, a minor grandchild, is presumed.
*McCord* v. *Bright* (1909), 44 Ind. App. 275; *Vaughan* v.
*Godman* (1884), 94 Ind. 191.

Appellant also alleges fraud in the execution of the deed,
but says in his brief: "If the deed were effectual and valid,
whether it related back or not, his conduct was either
3. fraudulent, or he honestly believed he owned the real
estate up to the time of his death. We believe the
latter the more reasonable presumption." We have searched
the record, and are unable to find any evidence which even
tends to prove this paragraph of appellant's reply.

Concerning the objection which was made to the admis-
sion of evidence relative to what the grantor said, after
the deed was executed and delivered, about his be-
4. ing the owner of the property, we have concluded that
it was clearly inadmissible, and the court committed
no error in refusing it.

Considering the form of the deed, and all the evidence
produced at the trial, it appears to be exceedingly clear
that the grandfather had selected his grandchild as
1. the object of his favor; that he desired to remember
her for her many kindnesses and services extended to
him, and determined to convey the land to her then; not
to become effective in the future, but a present conveyance,
and with a view of carrying out that purpose and intention
he executed and delivered the deed in question. The court
committed no error in overruling appellant's motion for a
new trial.

Judgment affirmed.

## ON PETITION FOR REHEARING.

IBACH, J.—Counsel for appellant have filed a petition for a rehearing, and a brief in support thereof, and they earnestly insist that the decision of this court contravenes the ruling precedent of the Supreme Court, as announced in the cases cited in their brief. We cannot agree with counsel in this contention. We have examined the cases referred to by them, and we firmly conclude that they are not in conflict with the views expressed in our original opinion.

It is a principle of law, well settled in this State, that the delivery of a deed to a third person, the grantor intending to relinquish all control over it, is such a

1.    delivery as to vest title in the grantee, and when such grantee is an infant, and the conveyance is a beneficial one, a presumption of acceptance arises at once. *Vaughan* v. *Godman* (1884), 94 Ind. 191, and the numerous authorities there cited; *Vaughan* v. *Godman* (1885), 103 Ind. 499; *St. Clair* v. *Marquell* (1903), 161 Ind. 56. Applying the rule just stated to the case before us, it must be conceded that the conveyance involved was a deed of general warranty, delivered to a third person with positive directions for her to hold it until the grantor's death, then to have it recorded.

The grantor reserved to himself no right to retake possession of it, and by the manner of its delivery he lost all control and authority over it. With such positive facts before us, this court could not do otherwise than to hold the deed to be a valid one, taking effect at the time of the delivery to said third person.

The deed was not recorded for more than ninety days after its execution, but under the law of Indiana the only persons against whom unrecorded deeds are by stat-

5.    ute declared to be fraudulent and void are "subsequent purchasers, lessees or mortgagees." The section of the statute regulating the recording of deeds and

mortgages reads as follows: "Every conveyance or mortgage of lands or of any interest therein, and every lease for more than three years, shall be recorded in the recorder's office of the county where such lands shall be situated; and every conveyance or lease not so recorded in forty-five days from the execution thereof, shall be fraudulent and void as against any subsequent purchaser, lessee or mortgagee in good faith and for a valuable consideration." §3962 Burns 1908, §2931 R. S. 1881.

General creditors are not included within the provisions of the act, and its terms cannot be so broadened and extended as to include them.

Appellant, being a general creditor, is not such a person against whom the instrument is by statute declared to be null and void.

In the case of *State Bank* v. *Backus* (1903), 160 Ind. 682, 695, the Supreme Court of this State said: "The fraud which renders the instrument void as to general creditors is not the failure to record it, but the dishonest or illegal intent with which it was executed and received. It is settled in this State that, in the absence of express fraud, the failure of a mortgagee to record a mortgage within the time fixed by the statute will not, as against the general creditors of the mortgagor, either prior or subsequent, render it invalid. * * * The withholding of a mortgage from record is a fact which may be shown in connection with other facts tending to establish fraud in the execution of the instrument. * * * The giving of credit by the appellant to Backus, and its inability to collect its claims, cannot be justly attributed to the failure of Mrs. Backus to have her deed placed on record, nor can they fairly be regarded as the natural and probable consequences of that omission. In giving credit to Backus the appellant may have been influenced by many other considerations, such as his previous standing and character in the business community, his general reputation as a man of property, and his promptness

and integrity in former dealings with the bank. The court did not find that if the appellant had known that the deed had been executed, it would not have made the loans to Backus or to his firm."

In the case before us, the trial court failed to find the existence of fraud in the conduct of the parties in the execution of the deed in question, and since the record fails to furnish any facts from which fraud could be inferred, we find no reason to change the conclusion contained in our original opinion.

The petition for a rehearing is overruled.