## Clymer *versus* De Young.

One sold all his stock of goods, the purchaser agreeing to pay a debt due by the vendor. *Held*, that this was not within the Act of April 26th 1855, and that the promise to pay need not be. in writing.

January 18th 1867.   Before WOODWARD, C. J., THOMPSON, READ and AGNEW, JJ.   STRONG, J., at Nisi Prius.

. Error to the District Court of *Philadelphia.*

This was an action of assumpsit, commenced October 28th 1864, by Esther De Young *v.* William H. Clymer, administrator, &c., of Frederick S. Hunter, deceased.

The plaintiff declared in the common counts and also in a special count, averring that she had loaned one S. V. R. Hunter $1595, with which he purchased a stock of goods, and that said goods were sold and delivered by him to F. S. Hunter, the decedent, in consideration of his paying to the plaintiff the money due to her by S. V. R. Hunter.

The testimony of S. V. R. Hunter was that he had money in his hands as executor of the plaintiff's father, which he had invested in dry goods ; that being indebted also to the decedent he sold his stock to him in payment of his indebtedness, the decedent at the same time agreeing to pay the debt of S. V. R. Hunter to the plaintiff.   There was evidence also of declarations of the decedent to the same effect.   The decedent paid the plaintiff $500, on account of her claim.   There was no agreement in writing by the decedent, and the evidence was all objected to on the ground that it was parol ; but it was admitted by the court, and exception taken.

Stroud, J., refused to charge in accordance with the defendant's request, that the agreement being for the payment of the debt of another, and not being in writing, the plaintiff could not recover ; but told the jury, that if they should find from the evidence that Samuel Hunter was indebted to the plaintiff, and Frederick had become indebted to Samuel, and it was agreed among the three that Frederick should pay to her in lieu of Samuel, the amount due by Samuel, and he did pay a part, but not the whole, they might give a verdict for the plaintiff for the balance.

There was a verdict for the plaintiff for $1313.

The defendant took a writ of error, and assigned for error the admission of the evidence and the charge of the court.

[Clymer v. De Young.]

*W. S. Price*, for plaintiff in error, cited Act of April 26th 1855, § 1, Purd. 497, pl. 4; Pamph. L. 308; Shoemaker *v.* King, 4 Wright 107; Maule *v.* Bucknell, 14 Id. 39; Tucker *v.* Bitting, 8 Casey 428; McQuewans *v.* Hanlin, 6 Id. 215; Kuhn's Executor *v.* Young, 10 Id. 60.

*T. R. Elcock*, for defendant in error, cited Browne on Stat. of Frauds, p. 186; Wyman *v.* Smith, 2 Sandf. (N. Y.) 331; Hitchcock *v.* Lukens, 8 Porter (Ala.) 333; Andrews *v.* Smith, Tyrw. & Gr. 173; Loomis *v.* Newhall, 15 Pick. (Mass.) 159; Todd *v.* Tobey, 29 Maine (16 Shep.) 219; Stephens *v.* Pell, 2 Cro. & Mees. 710; Andrews *v.* Smith, 2 Cro. Mees. & Ros. 627; Corbin *v.* McChesney, 26 Ill. R. 231; Lucus *v.* Payne, 7 Cal. R. 92; Nelson *v.* Hardy, 7 Ind. R. 364; Cons. Pres. Soc. *v.* Staples, 23 Conn. R. 544; Lippincott *v.* Ashfield, 4 Sandf. 611; Del. & Hud. Can. Co. *v.* West. Bank, 4 Denio 97; McKeenan *v.* Thissell, 33 Maine (3 Redf.) 368; Stillwell *v.* Otis, 2 Hilton (N. Y.) 148; Wait *v.* Wait, 28 Verm. 350; Lampson *v.* Hobart, Id. 697; Chitty on Contracts 446; Burge on Surety 26; Fell on Guar. §§ 7, 8; Banker *v.* Brit, 10 M. & W. 61; Brigg *v.* Brooks, 10 Ad. & E. 309; Barrell *v.* Trussell, 4 Taunt. 117; Meredith *v.* Short, Salk. 25; Walker *v.* Taylor, 6 C. & P. 752; Addison on Contracts 38; Williams *v.* Leiper, 3 Burr. 1886; Houlditch *v.* Milne, 6 Esp. 86; Parsons on Contracts, p. 306; 1 Roll. Abr. 27; Farley *v.* Cleveland, 4 Cowen 432; Gold *v.* Phillips, 10 Johns. 412; Olmstead *v.* Greenleaf, 18 Id. 12; Gardmir *v.* Hopkins, 5 Wend. 23; Elwood *v.* Monk, Id. 235; King *v.* Despard, Id. 277; Mech *v.* Smith, 7 Wend. 315; Wyman *v.* Smith, 2 Sand. 331; Weston *v.* Barker, 12 Johns. 279; Birley *v.* Taylor, 5 Hill 577; Del. and Hud. Can. Co. *v.* Westchester Co. Bank, 4 Denio 98; Dutton *v.* Poole, 1 Ventr. 318, 322; Martin *v.* Hind, Cowp. 443; Marchington *v.* Vernon, 1 Bos. & Pul. 101; Pigott *v.* Thompson, 3 Id. 149; Schermerhorn *v.* Vanderheyden, 1 Johns. 140; Gold *v.* Phillips, 10 Johns. 412; Shear *v.* Mallory, 13 Id. 496; Cumberland *v.* Covington, 3 Johns. Ch. R. 254; Farley *v.* Cleveland, 4 Cowen 432; Arnold *v.* Lyman, 17 Mass. R. 400; Cabot *v.* Haskins, 3 Pick. 91; Crocker *v.* Higgins, 7 Conn. R. 347; Banker *v.* Bucklin, 2 Denio 45; Stoudt *v.* King, 9 Wright 30.

The opinion of the court was delivered, January 28th 1867, by READ, J.—The defence in this case is not that a promise to pay by the decedent was never made, but that it is within the 1st section of the Act of 26th April 1855, Pamph. L. 308, because the agreement or some note or memorandum thereof was not in writing and signed by the decedent.

The simple question then is, was the agreement within the pro-

[Clymer *v.* De Young.]

visions of this section.   Samuel V. R. Hunter as executor of De Young's estate received moneys belonging to the plaintiff, which were put into the stock of his store, and belonged to her.   Being indebted to the decedent, Hunter transferred the stock to him, with the agreement that out of the stock so transferred the decedent should pay the plaintiff the amount due her.   This arrangement was made and agreed to by Hunter, the decedent and the plaintiff.   This brings the case clearly within Stoudt *v.* Hine, 9 Wright 30, as the fund was provided by the original debtor, whether his own or that of the plaintiff, to pay the very debt which the decedent promised to pay, and which promise he partly fulfilled.

The judge was therefore substantially correct.

Judgment affirmed.