No. 9002.

## HENDERSON *v.* McDONALD ET AL.

MORTGAGE.—*Release.—Consideration.—Contract.—Acceptance.—Presumption.—Husband and Wife.*—A husband and wife joined in conveying the wife's lands to a son, who thereupon entered into a written agreement with them to provide for them while they lived, and after their deaths to pay $700 to their daughter, and he also mortgaged the lands to them to secure the performance of this agreement. After the husband's death the wife executed a release of the mortgage.

84 149
132 410
84 149
153 405

*Held,* that the provision for the daughter was irrevocable and based on a good consideration; that the wife's release of the mortgage, so far as it related to the daughter was a nullity, and that upon the death of the mother the daughter was entitled to a personal judgment against the son, and a foreclosure against a purchaser of the land with notice of the facts.

*Held,* also, that the natural love and affection presumably entertained by the parents for the daughter afforded a good consideration for the provision made for her by the agreement and mortgage.

*Held,* also, that the provision made for the daughter was neither a gift *inter vivos* nor a donation *mortis causa,* but a settlement of a portion of the mother's estate somewhat in the nature of a bequest, and in such a beneficial way as to require no express acceptance on her part; but in the absence of evidence of a refusal to accept such a provision, acceptance will be presumed.

PROMISE.—*Benefit of Third Party.*—A promise, upon a sufficient consideration made by one person to another for the benefit of a third, may be enforced by the latter if he desire to avail himself of its benefits.

From the Jasper Circuit Court.

*M. F. Chilcote* and *W. D. Wallace,* for appellant.

*S. P. Thompson, T. Thompson, R. S. Dwiggins* and *Z. Dwiggins,* for appellees.

NIBLACK, J.—This was a proceeding in the name of Helen M. Henderson against William H. McDonald, Mary J. McDonald, Leander C. Pray and Mary J. Pray, to set aside the release and satisfaction of a mortgage, and to foreclose the same mortgage.

Some questions are made upon the pleadings, but there was a special finding of the facts, and as the facts thus found present the whole case attempted to be made by the pleadings, we need only set out the special finding, and consider the questions which are presented by it.

The facts found were:

1. That on the 26th day of July, 1865, one Mary Pray was the owner in her own right, and in fee, of two tracts of land, particularly described, containing about one hundred acres, situate in Jasper county.

2. That at that time the said Mary Pray was the wife of

one Thomas W. Pray, and that on that day she and her said husband conveyed said tracts of land to their son Leander C. Pray and his wife, Mary J. Pray, who went into immediate possession of the same.

3. That on the same day all the parties to said conveyance entered into a written agreement to the effect that the said Leander C. Pray and Mary J. Pray would, in consideration of said conveyance to them, maintain and support the said Thomas W. Pray and Mary Pray during their natural lives, in a good, sufficient and ample manner, and furnish them with proper and sufficient clothing, and all the ordinary comforts of life, and in addition pay them $50 a year each during their natural lives; also, to the further effect, that the said Leander C. Pray and Mary J. Pray would, at the expiration of one year after the death of both the said Thomas W. Pray and Mary Pray, pay to the plaintiff, whose name was then Helen M. Sample, and who was the daughter of the said Thomas and Mary, the sum of $700; that at the same time, and concurrently therewith, the said Leander C. Pray and Mary J. Pray executed to the said Thomas W. Pray and Mary Pray a mortgage on the lands conveyed to them as above, to secure the performance on their part of said written agreement; that said conveyance and said mortgage were both duly acknowledged and recorded.

4. That the said Leander C. Pray and Mary J. Pray fully performed the stipulations of said written agreement on their part so far as such stipulations related to the said Thomas W. Pray and Mary Pray during their respective natural lives; that the said Thomas W. Pray died in January, 1866; that afterwards, on the 29th day of April, 1872, the said Mary Pray, for a valuable consideration, entered a release and acknowledgment of full satisfaction of said mortgage on the record thereof; that the said Mary Pray died in October, 1876, and that more than a year had expired after her death before the commencement of this suit, and that no part of the $700 stipulated to be paid to the plaintiff had been paid to her;

that before the release of the mortgage the plaintiff was informed that some provision had been made by the said Thomas W. Pray and Mary Pray, either by will or otherwise, whereby she was to receive the sum of $700 from their estate, and in 1870 executed to one Hopkins a power of attorney, authorizing him as her attorney in fact, to collect and receipt for said sum of money.

5. That in August, 1872, the said Leander C. Pray and Mary J. Pray, for a valuable consideration, conveyed the mortgaged lands by warranty deed to the defendant William H. McDonald, and that before and at the time of such conveyance to him the said McDonald knew of the existence of said mortgage, and had been informed that the said Mary Pray had executed a release of such mortgage.

6. That at the time of the release of the mortgage it and the written agreement were delivered to the mortgagors, and were by them destroyed, the plaintiff never having had possession of either the mortgage or the agreement.

7. That neither the said Thomas W. Pray nor the said Mary Pray was indebted to the plaintiff at the time of the execution of the mortgage.

Upon the foregoing facts the court came to the following conclusions of law:

1. That Mary Pray, at the time she entered of record the release of the mortgage executed to her and her then late husband, had the lawful right to so release said mortgage.

2. That the release so entered of record by Mary Pray operated to relieve the said Leander C. Pray and Mary J. Pray from the payment of said sum of $700 to the plaintiff, which they, by their said agreement, had obligated themselves to pay, and to discharge the mortgaged lands from the lien created by the mortgage.

3. That the conveyance of the mortgaged lands to McDonald vested in him the legal title free from all liens created by the mortgage.

4. That all of the defendants were entitled to a judgment for costs.

The plaintiff thereupon moved for judgment in her favor, upon the facts as found by the court, but her motion was over-ruled. She then excepted to the conclusions of law at which the court had arrived, after which final judgment was rendered for the defendants.

The deed and the mortgage were both executed upon a sufficient consideration, and the fair inference from the special finding is that the mortgage was duly delivered to the mortgagees, which was a valid delivery as to all persons interested in it.

In view of the relationship which existed between Thomas W. Pray and Mary Pray on the one side, and the plaintiff on the other, the natural love and affection presumably entertained by the former for the latter afforded a good consideration for the provision made for the plaintiff by the agreement and mortgage. · *West* v. *Cavins,* 74 Ind. 265.

The provision, having been made upon a good and upon an executed consideration, was irrevocable by the parties who made it. Consequently, the so-called release of the mortgage, entered on the record of it by Mary Pray, did not release the mortgagors from the payment of the money secured by it to the plaintiff, nor discharge the lien created by the mortgage in favor of the plaintiff.

The provision made for the plaintiff by her parents was neither a gift *inter vivos,* nor a donation *mortis causa,* but was a settlement of a portion of her mother's estate upon her, somewhat in the nature of a bequest, and in such a beneficial way as to require no express acceptance on her part. The acceptance of such a provision will be presumed, in the absence of evidence of a refusal to accept it. *Mitchell* v. *Ryan,* 3 Ohio St. 377; *Bedell* v. *Carll,* 33 N. Y. 581. If an acceptance by the plaintiff had been necessary in this case, her appointment of Hopkins as her attorney in fact to guard her interests in the provision made for her was a sufficient acceptance.

It is well settled law in this State that a promise, upon a sufficient consideration, made by one person to another, for the benefit of a third person, may be enforced by the latter, if he shall desire to avail himself of its benefits. *Rodenbarger* v. *Bramblett*, 78 Ind. 213.

We see no escape from the conclusion that the court erred in the inference which it drew from the facts as found by it, and that judgment ought to have been rendered for the plaintiff upon the special finding.

The judgment is reversed, with costs, and the cause remanded, with instructions to the court below to set aside the release entered upon the record of the mortgage sued upon, to render a personal judgment against Leander C. Pray for the amount reserved to the plaintiff under the written agreement, and to render a decree of foreclosure upon the mortgage for the payment of such judgment.

Petition for a rehearing overruled.