Waterman *et al. v.* Morgan *et al.*

Filed March 30, 1888.

No. 13,067.

WATERMAN ET AL. *v.* MORGAN ET AL.

| 114 | 237 |
|---|---|
| 114 | 264 |
| 115 | 429 |
| 114 | 237 |
| 130 | 254 |
| 114 | 237 |
| 132 | 272 |
| 132 | 409 |
| 114 | 237 |
| 149 | 431 |
| 114 | 237 |
| 153 | 405 |
| 114 | 237 |
| f162 | 30 |
| 114 | 237 |
| 167 | 427 |

CONTRACT.—*Promise for Benefit of Third Person.*—A promise, upon a sufficient consideration, made by one person to another for the benefit of a third person, may be enforced by the latter; and the fact that, at the time the promise is made, the third person has no knowledge of it, makes no difference.

SAME.—*Division of Property by Ancestor.—Conveyance.—Promise by Grantees to Pay Money to Third Persons.—Acceptance.—Presumption.*—Where an ancestor, desiring to divide his property, conveyed it to certain of his descendants, the grantees promising, in consideration of obtaining more than their share of the estate, to pay certain sums to other descendants of the grantor, the provision thus made for the latter is neither a gift *inter vivos* nor a donation *mortis causa*, but a settlement of a portion of the estate upon them, somewhat in the nature of a bequest, and in such a beneficial way as to require no express acceptance on their part, but, being infants, an acceptance will be presumed.

SAME.—*Change of Contract.—Promissory Notes.*—When the transaction was finally closed, with the making of the promises upon a sufficient consideration and the conveyance of the land, neither the grantor nor the grantees could change it to the detriment of the infant promisees, and

the subsequent taking of notes for the agreed sums by the grantor, payable to himself, could not overthrow their rights under the original contract.

BILL OF EXCEPTIONS.—*Attorney in Cause.*—*Election as Judge.*—One of the attorneys for appellants, who assisted in the trial of the cause, was elected as the successor of the judge who presided at the trial, and, after becoming judge of the court, he signed the bill of exceptions.

*Held*, that the bill of exceptions can not be regarded as a part of the record, and no question involving an examination of the evidence will be considered.

From the Hamilton Circuit Court.

*R. R. Stephenson*, for appellants.

*A. F. Shirts, G. Shirts* and *W. R. Fertig*, for appellees.

ZOLLARS, J.—So far as material here, the substance of appellees' complaint is, that, on the 14th day of February, 1879, Abraham Waterman was the owner of a tract of land, and being old, and desirous of dividing his property, without making a will, deeded a portion of the land to appellant Wilson Waterman, a son, and another portion to Isaac R. Lund and Robert D. Sommers, husbands of two of his granddaughters, that being the only division that could be made of the land; that, being desirous of making provision for appellees, they being his grandchildren, and minors, and children of a deceased daughter, Abraham Waterman entered into a parol agreement with the grantees before and at the time the deeds were made to them, as a part of the transaction, and in consideration of the land and the conveyances of the same to them, that they should pay to appellees six hundred dollars, three hundred of which was to be paid by Wilson Waterman, and one hundred and fifty was to be paid by each of the other grantees, Lund and Sommers; that, subsequently, Lund and Sommers sold and conveyed to Wilson Waterman their several interests in the land so conveyed to them, and he, as a part of the consideration for such conveyances, agreed to pay to appellees the amounts which they had agreed to pay in consideration of the conveyances to

them by said Abraham; that the said Abraham died in 1880, having made no provision for appellees, and leaving no estate out of which they could get anything as his heirs, aside from the amounts which the grantees above named had promised to pay to them.

As said in the case of *Henderson* v. *McDonald*, 84 Ind. 149, the provision made for the plaintiffs by their grandfather was neither a gift *inter vivos*, nor a donation *mortis causa*, but a settlement of a portion of their grandfather's estate upon them, somewhat in the nature of a bequest, and in such a beneficial way as to require no express acceptance on their part. And as said in that case also, and as has frequently since been held by this court, a promise, upon a sufficient consideration, made by one person to another, for the benefit of a third person, may be enforced by the latter. And the fact that, at the time the promise is made, the third party is not aware of it, makes no difference, under the decisions of this and other courts. See *Harrison* v. *Wright*, 100 Ind. 515 (533), and cases there cited, and *Rodenbarger* v. *Bramblett*, 78 Ind. 213.

It is averred in the complaint, as we have seen, admitted by the demurrer, and conceded by the answers and otherwise, that appellees are grandchildren of Abraham Waterman. They were the natural objects of his bounty, and, their mother being dead, they would have inherited direct from him had he made no division of his property, and died intestate.

The purpose of his arrangement with his son, Wilson, and with Lund and Sommers, the husbands of two of his granddaughters, as shown by the several averments in the complaint, was to make such a division of his estate as he deemed proper among those who, in case of his death without a will, would be his heirs.

By reason of the fact that the land could not well be divided into more parts, he sought to accomplish the end in view by conveying to the son and to Lund and Sommers

more land than they would be entitled to upon a proper and equitable division, and by exacting from them, in consideration of the extra amount of land received by them, a promise for the benefit of appellees, his grandchildren, to whom no land could be given. The conveyance of the land and the relation of the parties constituted an ample consideration for the promises on the part of the grantees.

Where the parties are all adults, a promise by one, upon a sufficient consideration, for the benefit of a third party, may, before acceptance by him, be abrogated by the immediate parties to the contract.

Here appellees, for whose benefit the promises were made, were infants. No formal or express acceptance was necessary on their part. The provision for them was in the way of a settlement of a portion of the grandfather's estate upon them, and was beneficial to them, and, therefore, an acceptance by them will be presumed as contemporaneous with the promises. And when the transaction was finally closed, with the making of the promises and the conveyance of the land, neither the grandfather nor the grantees and promisors could change it to the detriment of the minor promisees. Our cases, as, also, the authorities elsewhere, fully sustain this conclusion. *Pruitt* v *Pruitt*, 91 Ind. 595, and cases there cited ; *Henderson* v. *McDonald, supra; Mallett* v. *Page,* 8 Ind. 364 *; Vaughan* v. *Godman,* 94 Ind. 191, and cases there cited *; Rinker* v. *Rinker,* 20 Ind. 185. See, also, *Creamer* v. *Sirp,* 91 Ind. 366.

What we have said disposes of the objections urged to the complaint, and of the alleged error of the court below in sustaining the demurrer to appellants' answers.

With the difference hereafter mentioned, the facts found by the court below are substantially the same as the facts set up in the complaint.

There is the following in the special finding of facts : " It was the desire of said Abraham Waterman that the said Wilson Waterman, Sommers and Lund should make notes

for the sum of one hundred dollars each, payable to the plaintiffs, respectively, but as there was no one present to receive the same, no notes were made; but, on the 9th day of May afterwards, the said Abraham, having changed his mind, caused notes for said amounts * * to be made payable to himself and secured by a mortgage, and retained them in his possession, and never delivered them to any one for the use of the plaintiffs."

It further appears, by the special finding of facts, that Wilson Waterman, after the death of his father, took possession of the notes and mortgage by virtue of an agreement with his father in February before his death, in April, 1880, to take care of him for the remainder of his life, in consideration of receiving all of his personal property after his death.

The desire on the part of Abraham Waterman that the grantees of the land should make notes for the amounts which they had agreed to pay to the infant grandchildren, did not destroy or affect the force and effect of those promises. If the notes had been executed as desired, they would have been but evidence of the agreement on the part of the grantees. The promises to pay the agreed sums to the grandchildren remained in full force, notwithstanding the failure to reduce those promises to writing in the way of promissory notes. The purpose of Abraham Waterman clearly was not to destroy or weaken the promises in favor and for the benefit of his grandchildren, but to render their performance more certain, by having the evidence of them in writing.

Neither the ultimate liability of the grantees and promisors, nor the rights of the grandchildren, were conditional or dependent upon the execution of notes. So far as concerned the substantial rights and obligations of the several parties interested, the contract was complete without the execution of notes. The contract being thus complete, and the rights and obligations of the parties fixed, the grandfather could not, by a subsequent change of mind and the taking of notes

payable to himself, overthrow the rights of the grandchildren. As said in the case of *Mallett* v. *Page, supra*, it may be true that the grandfather changed his mind, but it does not thence follow that the rules of law should be accommodated to his change of opinion.

It is insisted on the part of appellants that the findings of facts by the court are not sustained by the evidence. On the other hand, it is insisted on behalf of appellees that this court can not pass upon that question, for the reason that the bill of exceptions, purporting to contain the evidence, was not approved and signed by any judge having authority so to do.

It is shown by the bill of exceptions, and also by affidavits filed in this court, that the term of office of the judge before whom the cause was tried expired after the completion of the trial, and before the expiration of the time given in which to file a bill of exceptions.

It is also shown that one of the attorneys for appellants, who assisted in the trial of the cause, was elected as the successor of the judge who presided upon the trial, and that, after having become judge of the court, he signed the bill of exceptions. That action upon his part was in direct violation, if not of the letter, of the spirit of the old and well known maxim : *Nemo debet esse judex in propria sua causa* (Broom Legal Max., p. 116), and must be regarded and treated as void. There is no more important step in a cause than the approval and signing of a bill of exceptions. A holding that an attorney of one of the parties, engaged in the trial of the cause, may be appointed as a special judge to pass upon pleadings, or a motion for a new trial, would be productive of less evil than a holding that, having been elected judge of the court, he may pass upon, approve and sign a bill of exceptions in the cause. See *Chicago, etc., R. W. Co.* v. *Summers*, 113 Ind. 10.

For the reason above briefly stated, we can not consider any question the decision of which involves an examination of

the evidence. The bill of exceptions not having been properly signed by a judge competent to act in the case, it can not be regarded as a part of the record, and hence no question as to the sufficiency of the evidence is before this court. Either the judge who tried the cause, or some other judge or competent person, should have been appointed as a special judge to pass upon and sign the bill of exceptions.

Judgment affirmed, with costs.

Filed March 30, 1888.