No. 15,902.

## LOWE *v.* HAMILTON ET AL.

JUDGMENT.—*Assumption of Mortgage Indebtedness.—Sufficiency of Cross-Complaint.*—Where in a suit to foreclose the lien of certain ditch taxes, certain of the defendants appeared and filed a cross-complaint against the plaintiff and two of their co-defendants on certain notes secured by mortgage and recovered judgment by default against one of the defendants to the cross-complaint, on the ground that he had assumed to pay the mortgage indebtedness as a part of the purchase-price of the real estate, the averments in the cross-complaint that said defendant purchased the mortgaged property, agreeing to assume the indebtedness thereon as part of the purchase-price, and that he had failed to pay any part thereof, was sufficient to authorize the rendition of a personal judgment against him.

SAME.—*Default.—Relief Against.—Inadvertence and Excusable Neglect.—Insufficiency of Showing.*—In an action by said defendant to be relieved from said judgment, on the ground that it had been taken against him through his mistake, inadvertence and excusable neglect, the fact that the process served in the action was not distinctly read to him, and that he was told by the sheriff, and by his attorneys, that he need not appear, when he furnished no excuse for not reading the process himself, and did not show that his attorneys had been informed of the facts of the case, would not entitle him to such relief.

STATUTE OF FRAUDS.—*Oral Assumption of Mortgage Indebtedness.*—An agreement to assume the payment of a mortgage indebtedness on real estate, as part of the purchase-price thereof, is not within the statute of frauds.

From the White Circuit Court.

*S. P. Thompson* and *R. P. Davidson,* for appellant.

*E. B. Sellers,* for appellees.

COFFEY, J.—Prior to the April term, 1888, of the White Circuit Court, an action was commenced in that county by the State on the relation of the prosecuting attorney against a large number of persons residing in that county, to enforce against their lands the liens of certain ditch assessments.

Among the defendants to the action were the appellant and the appellees and one James H. Turpie. To that suit the appellant made default. The appellees appeared and on

the 11th day of May, 1888, the appellee Hamilton filed an amended cross-complaint against the plaintiff in the action and against the appellant Lowe and James H. Turpie.

The cross-complaint alleged that the plaintiff in the main action claimed a lien on the land therein described for the sum of two hundred and eighty dollars and sixty-three cents, but denied that any such lien existed; that on the 7th day of December, 1882, Turpie, by his three several promissory notes of that date, promised to pay Hamilton the sum of seven hundred and fifty dollars at the times specified in said notes, being two, four and six years after the date thereof; that to secure the notes Turpie and his wife executed to Hamilton a mortgage upon the land, which mortgage was duly recorded; " that after the execution of said notes and mortgage the defendant, Hugh Lowe, purchased said real estate and as a part of the consideration for said purchase agreed to assume and to pay said notes and mortgage of the cross-complainant, and that he failed to pay any part thereof; that all said notes and mortgage were given as purchase money for said real estate by said defendants, James H. Turpie and Emma Turpie to his cross-complainant; that there is due this cross-complainant from said James H. Turpie, Emma Turpie and Hugh Lowe on account of said notes and mortgage for principal, interest and attorney fees the sum of two thousand dollars." To the cross-complaint is appended a prayer for judgment against James H. Turpie and the appellant, Lowe, for the sum of two thousand dollars and for a decree of foreclosure against all the defendants thereto.

The appellant, Lowe, being served with process to answer to this cross-complaint, failed to appear and was defaulted. Upon a hearing by the court a personal judgment was rendered against James H. Turpie and the appellant for the full amount of the notes set out in the cross-complaint, including interest and attorney's fees.

This judgment was rendered on the 20th day of February, 1889, and on the 2d day of December, 1889, this action was

commenced.    The complaint in this action consists of three paragraphs.

The first paragraph recites the commencement of the original action by the State on relation of the prosecuting attorney, giving the title of the case, including the names of all the numerous parties defendant; that on May 11, 1888, the appellant Hamilton, defendant therein, filed his cross-complaint, the default of the defendant, and the rendition of the judgment complained of, and setting out a full transcript of the proceedings in cross action by way of exhibit, as part of the complaint, and assigns as error the insufficiency of the facts to constitute a cause of action for a personal judgment against the appellant.

The second paragraph sets up the filing of the cross-complaint upon the notes and mortgage of Turpie upon the land; the averment therein that appellant had as part of the consideration for the purchase of the land agreed to pay them off; that he never was served with process, as he believed; that he was a mere nominal party to the proceeding as Hamilton well knew; that he had no cause of action against him for a personal judgment; that he gave no evidence of such right, and that he, Hamilton, knew that it was contrary to right and justice; that he knew that he had no cause of action against him, and that such personal judgment was a fraud upon him.

The third paragraph sets up, as additional matter to that in the second, that the judgment was taken against him by mistake, inadvertence and excusable neglect of the appellant; that in the original suit to foreclose the lien of certain ditch taxes he was made a party to the complaint; that he spoke to attorneys about it and was told that it was only an equity of redemption to be foreclosed; that appellant need not answer nor appear; that afterwards when the summons on defendant's cross-complaint was served it was not distinctly read, and the appellant thought it was in the same case, and had no other knowledge of any proceedings in said

cross-action until September 16th, 1889; that the sheriff and also the attorneys informed him that it was not necessary for him to appear at all; that he made no promise to pay off any lien on the land either verbal or written. He also averred that he had been summoned in a very large number of similar cases in regard to foreclosure of liens on the lands of the Turpies; that in no other instance had there been any attempt to take a personal judgment against him; that he had a valid and meritorious defence, etc.

The second and third paragraphs of the complaint are verified.

The court sustained a demurrer to each paragraph of the complaint, and this ruling is assigned as error here.

The first paragraph of the complaint is a complaint to review the judgment rendered against the appellant upon the alleged ground that the cross-complaint does not state facts sufficient to authorize a personal judgment against him. It is objected that it does not appear when the contract by which the appellant assumed to pay the notes and mortgage in suit was made, with whom it was made, what its terms were, what the consideration was, whether the contract was by parol or in writing, and, if oral, how it was taken out of the statute of frauds. These objections go to the question of the cercertainty of the allegations in the cross-complaint. It does appear that the notes and mortgage set out with the cross-complaint were executed by Turpie in consideration of the purchase-money for the land therein described. The plain inference from the allegations of the cross-complaint is, that the appellant purchased the land therein described from Turpie, since it appears that Turpie was its owner; that he agreed at the time of such purchase, as part of the purchase-price, to pay the mortgage held by the appellee, Hamilton. It not being alleged that the contract was in writing the legal presumption is that it was oral, but such an agreement is not within the statute of frauds. *Snyder* v. *Robinson*, 35 Ind. 311; *McDill* v. *Gunn*, 43 Ind. 315; *Waterman* v. *Morgan*,

114 Ind. 237; *Fleming* v. *Easter,* 60 Ind. 399; *Henderson* v. *McDonald,* 84 Ind. 149; *Rhodes* v. *Mathews,* 67 Ind. 131.

It is probably true that the cross-complaint is subject to a motion to make it more specific, but such defects can not be reached by demurrer nor by an application to review. In our opinion the cross-complaint states facts sufficient to authorize a personal judgment against the appellant, and this being true, the court did not err in sustaining a demurrer to the first paragraph of the complaint.

The second and third paragraphs of the complaint seem to be based upon the provisions of section 396, R. S. 1881, which provides that a party shall be relieved from a judgment taken against him through his mistake, inadvertence, surprise or excusable neglect. The question, therefore, is presented as to whether either one of these paragraphs states facts sufficient to entitle the appellant to this relief.

The allegation or statement of the appellant in the second paragraph of the complaint, to the effect that he does not believe he was served with process on the cross-complaint, is modified by the further statement of the appellant, to the effect that he has no recollection of being so served.

In the third paragraph he admits that he was served with process, but gives as a reason for his neglect to defend that the process was not distinctly read. He gives no excuse for not reading the summons himself, nor for not requiring it to be read more distinctly. He had no right to rely upon the statement of the sheriff as to the nature of the suit against him, since the sheriff is not presumed to possess knowledge upon that subject beyond that disclosed by his writ.

It is true he states that he was advised by his attorneys that no personal judgment could be taken against him, but he does not show that he made any statement of the facts to his attorneys, or that they had any knowledge of the contents of the cross-complaint. If his attorneys did have knowledge of the contents of this pleading, and with such knowledge advised him that no personal judgment could be

taken against him, this would not be the kind of mistake contemplated by the statute under immediate consideration.

If a judgment were to be set aside on every occasion when the attorney of one of the parties to a suit should make a mistake in a science so intricate as that of the law, there would be little stability in judgments.

In our opinion neither the second nor third paragraph of the complaint states facts sufficient to authorize us to relieve the appellant from the personal judgment of which he complains. As bearing upon the question here discussed, see *Bristor* v. *Galvin*, 62 Ind. 352; *Jonsson* v. *Lindstrom*, 114 Ind. 152; *Williams* v. *Grooms*, 122 Ind. 391.

Judgment affirmed.

