**The Chicago Smelting & Refining Corporation, Appellee, v. Thomas H. Sullivan, trading as United Electric Service Company, Appellant.**

## Gen. No. 31,674.

1. DIRECTING OF VERDICT AND DEMURRERS TO EVIDENCE—*consideration of evidence favorable to party against whom motion is directed.* On a motion to direct a verdict only that evidence can be considered which is in favor of the party against whom the motion is directed, and that evidence must be considered most favorable to that party with all legitimate inferences which may be drawn from it in his favor.

2. NEGOTIABLE INSTRUMENTS—*when notes held by holder in due course.* Where a debtor pays a creditor by transferring to him a note of a partnership and the partnership, after making a partial payment to the holder, executes new notes to him in lieu of the prior notes, held the notes were owned by a holder in due course under section 52 of the Negotiable Instruments Act, Cahill's St. ch. 98, ¶ 72.

3. EVIDENCE—*bookkeeping records as admissions against interest.* Where one seeks to show that liabilities of a partnership were taken over by an alleged succeeding corporation, a partnership trial balance prepared by the corporation and a corporation journal held admissible in evidence as admissions against the corporation's interest, and not to be excluded under the theory that their accuracy was not certified to by the person who made them.

4. EVIDENCE—*admissibility of telephone conversation.* A telephone conversation was admissible in evidence where the person testifying to the conversation stated that he knew the conversation was with the same man to whom he had spoken in person.

5. EVIDENCE—*admissibility of conclusions as to nature of transfer of a business.* An attorney may not state his conclusions as to the nature of the transfer of a partnership business to an alleged succeeding corporation.

6. CORPORATIONS—*assumption of partnership liability as question for jury.* An item in a statement of partnership liabilities assumed by a corporation of ''Notes payable $74,048.88,'' held, standing alone and unexplained, a sufficient basis for a jury to infer that the item included $1,500 of partnership notes which the defendant, in an action by the corporation, holds and seeks to use as a set-off to the corporation's claim against him.

7. CORPORATIONS—*implied assumption of partnership debts.* Semble, where it appears that a corporation is organized to take over and continue the business of a firm, that the former partners are the only members of the corporation, that the assets of the partnership have been transferred to the corporation for the continuance of the business in exchange for stock and without other consideration and that the members of the partnership may be said to have simply put on a new coat, the corporation thereby impliedly assumes the partnership debts and is prima facie liable therefor.

Appeal by defendant from the Municipal Court of Chicago; the Hon. MAX LUSTER, Judge, presiding. Heard in the first division of this court for the first district at the March term, 1927. Reversed and remanded. Opinion filed December 12, 1927. Rehearing denied December 27, 1927.

HAROLD J. FINDER, for appellant.

BENJAMIN B. MORRIS, for appellee.

MR. JUSTICE McSURELY delivered the opinion of the court.

Defendant seeks the reversal of an adverse judgment for $1,600.20 entered upon a verdict instructed by the court. This case has already been before this court—240 Ill. App. 677.

Plaintiff commenced his action to recover for goods sold and delivered to defendant. Defendant filed an affidavit of merits and a plea of set-off. On the prior appeal the sufficiency of the plea of set-off was questioned but held sufficient and the cause remanded. When it was tried defendant admitted the amount of plaintiff's claim but asserted a set-off of $1,500, arising from three promissory notes for $500 each, signed by the Chicago Smelting & Refining Company,

a partnership, by L. C. Robinson, one of the partners. The claim of set-off alleged that Louis C. Robinson and Hyman Feinberg were copartners trading under the firm name of the Chicago Smelting & Refining Company, and were indebted to the defendant on the partnership notes to the amount of $2,000; that subsequently, September 21, 1923, $500 was paid on account and three new notes were made by the Chicago Smelting & Refining Company for $500 each, for the balance due, which were delivered to and accepted by the defendant. It was further alleged that on November 21, 1923, the partnership business of the Chicago Smelting & Refining Company became incorporated under the corporate name of the Chicago Smelting & Refining Corporation, and that the corporation took over the business, property and assets of the partnership and assumed to pay the obligations of said partnership as conducted prior to the incorporation.

The trial court was apparently of the opinion that the evidence did not prove that the plaintiff corporation had assumed the liabilities of the prior partnership and directed a verdict accordingly. It is the established rule that on motion to direct a verdict only that evidence can be considered which is in favor of the party against whom the motion is directed, and that evidence must be considered most favorably to that party, together with all legitimate inferences which may be drawn from it in his favor. *Shannon v. Nightingale*, 321 Ill. 168.

The evidence tended to show that the plaintiff was incorporated under the name of the Chicago Smelting & Refining Corporation on November 21, 1923; that for several years prior thereto Louis C. Robinson and Hyman Feinberg were engaged in the smelting and refining business under the firm name of Chicago Smelting & Refining Company at 2457–2469 South Loomis street, Chicago; that the Arthur Storage Battery Supply Company, a corporation, had certain busi-

CHICAGO—FIRST DISTRICT—DECEMBER, 1927.   541

Chicago Smelting & Refining Corp. v. Sullivan, 246 Ill. App. 538.

ness dealings with the defendant, out of which there grew an indebtedness to him which was paid by the indorsement of the Arthur Company and the delivery to defendant of a note for $2,000, made by the Chicago Smelting & Refining Company, the partnership. The defendant indorsed and discounted this note at his bank. September 21, 1923, the partnership paid $500 on the note, and to take up its prior note made and delivered to defendant three $500 notes, which defendant claims should be set off against plaintiff's claim. Defendant indorsed these notes and deposited them in his bank. They were not paid at maturity and the amount thereof was charged by the bank to defendant's account.

The plaintiff corporation was organized with an authorized capital stock of $100,000, divided into 1,000 shares of $100 par value per share; one share was issued to Fannie Feinberg, wife of Hyman Feinberg; one share was issued to Louis S. Gibson, who was the attorney for the partnership and afterwards the secretary and attorney for the corporation; and 998 shares were issued to Hyman Feinberg. These were paid for with the property of the partnership, which included the real estate where it had been doing business at 2457–2469 South Loomis street, and all book accounts of the partnership, stock of metals, machinery fixtures, equipment, automobile trucks, notes receivable, choses in action, prepaid insurance, "including the entire business heretofore conducted by the Chicago Smelting & Refining Company at 2457 S. Loomis St., Chicago." The real estate transferred is the same which the partnership acquired by purchase in 1918. On October 12, 1923, the partnership also borrowed money secured by a trust deed on said real estate. A recorded deed from Feinberg shows a conveyance of his one-half interest in the real estate to the corporation on March 14, 1924; and a recorded deed from Robinson and his wife shows a conveyance of the former's one-

half interest in the real estate to Feinberg on June 24, 1924. Sometime in October, 1923, Robinson left Chicago and did not return for about a month or five weeks later. During his absence the corporation was formed and the partnership business turned over to it. The record does not show any agreement by Robinson and Feinberg to dissolve the partnership.

Minutes of the meeting of the directors of the corporation were introduced, showing that all the property and business of the partnership were taken over by the corporation and that the corporation took over the "assets and the liabilities shown on the accompanying balance sheet." Plaintiff's bookkeeper, in response to a subpoena *duces tecum* issued at defendant's instance, produced a trial balance of the partnership dated October 31, 1923, and also the journal of the plaintiff corporation. The court refused to receive them in evidence, but they are in the record marked for identification.

As there must be another trial, we shall not detail the evidence at greater length.

It is first said by the plaintiff that the defendant, Sullivan, is not a holder in due course of the notes involved in this suit. By section 52 of the Negotiable Instruments Act, Cahill's St. ch. 98, ¶ 72, a holder in due course is defined to be a holder who takes the note, which is complete and regular upon its face, before it is overdue and without notice that it has been previously dishonored, if such is a fact, and that he took it in good faith and for value and without any notice of any infirmity in the instrument or defect in the title of the person negotiating it. The evidence tends to show that Sullivan took the note for $2,000 in good faith and for value as part of his dealings with the Arthur Storage Battery Supply Company in payment of its indebtedness to him and that subsequently the Chicago Smelting & Refining Company, acting through one of its partners, Louis C. Robinson,

paid $500 on account and executed three new notes for $500 each to cover the balance. These were delivered to the defendant and are the notes in issue. There is nothing in the record to impair the integrity of defendant's title to the notes.

The court erroneously excluded the trial balance and the journal of the plaintiff called for under the subpoena *duces tecum*. These seem to have been excluded upon the theory that their accuracy was not testified to by the person who made them. This was a misconception of the rule. The papers excluded were made by the plaintiff and their contents were in the nature of admissions against interest. They were clearly competent.

The court erroneously excluded telephone conversations between the defendant and Feinberg—some of them prior to the incorporation of plaintiff and one of them sometime after the incorporation. In these conversations Feinberg told Sullivan, in substance, that "the notes would be paid in a short while." Sullivan telephoned to Feinberg's office and also had a conversation in person with him in defendant's office. Defendant testified that he knew that his telephone conversations were with the same man to whom he spoke in person in his office. Under such circumstances the telephone conversations should have been admitted. *Godair v. Ham Nat. Bank,* 225 Ill. 572; *Trapp v. Rockford Electric Co.,* 186 Ill. App. 379.

It was also reversible error to permit Mr. Gibson, the attorney for plaintiff, to state his conclusions as to the nature of the transfer of the business of the Chicago Smelting & Refining Company to the corporation.

The minutes of the meeting of the corporation indicated that the corporation not only took over the assets of the partnership but also the liabilities as shown by another paper, defendant's Exhibit I, which was excluded by the court but is in the record for

544        APPELLATE COURTS OF ILLINOIS.

Chicago Smelting & Refining Corp. v. Sullivan, 246 Ill. App. 538.

identification. This purports to show not only the assets taken over but also the liabilities assumed, which included one item, "Notes payable $74,048.88." Standing alone and unexplained, this would be a sufficient basis for the jury reasonably to infer that it included the notes delivered to the defendant and which are the subject of the set-off.

We are asked to hold that, where a corporation is organized to take over and continue the business of a firm and all of the firm's assets are transferred to it in exchange for its stock, the debts and obligations of the partnership become the debts and obligations of the corporation without any express agreement to assume the liability. We recognize a conflict of decisions on this point. So far as we are informed it has never been directly decided by our Supreme Court. We are disposed to be in accord with the conclusion expressed in the opinion of another division of this court in *Acorn Lumber Co. v. Friedlander Box Co.*, 240 Ill. App. 425, and to hold that, where the former partners are the only members of the corporation and the assets of the partnership have been transferred to the corporation for the continuance of the business in exchange for stock and without other consideration, and where, to use the apt words in the opinion in *Andres v. Morgan*, 62 Ohio St. 236, "the members of the partnership may be said to have simply put on a new coat," the corporation thereby impliedly assumes the partnership debts and is prima facie liable therefor. This may be *obiter dictum*, as upon the second trial, as we have indicated, there may be competent evidence showing an express agreement by the corporation to assume the liabilities of the partnership.

For the reasons above indicated the judgment is reversed and the cause remanded.

*Reversed and remanded.*

MATCHETT, P. J., and O'CONNOR, J., concur.