## EMANUEL P. McGAHN v. CHARLES WEAVER, INC.[1]

November 27, 1936.

No. 30,936.

*Will A. Blanchard,* for appellant.
*Chase & Lyons,* for respondent.

HOLT, JUSTICE.

Defendant appeals from an order denying its motion in the alternative for judgment notwithstanding the verdict or a new trial.

The facts of which there appears to be no dispute are, in short, these: In January, 1931, Charles Weaver and plaintiff entered into a written contract whereby plaintiff was employed by Weaver as superintendent of the latter's paving operations for a period of three years from March 1, 1931, at a yearly salary of $5,000 payable in instalments of $416.65 each month, also expenses when on jobs away from the city of St. Paul, and 10 per cent on the net profits of the employer's business after deduction of depreciation

[1]Reported in 269 N. W. 830.

of equipment. Unless a written notice 60 days before the expiration of the contract was given by the employer to the employe, the latter had the option to extend it for an additional year. On December 23, 1931, Weaver incorporated under the name of Charles Weaver, Inc. The corporation was formed for the purpose of taking over and carrying on the business of Weaver. The first meeting of the stockholders was adjourned from December 26, 1931, to January 30, 1932, when the minutes show that meetings of the stockholders and board of directors were held and resolutions adopted accepting the transfer by Weaver of his office building, machinery, equipment, and assets of his highway construction business, the corporation to pay and discharge his business obligations and deliver to him 3,500 shares of its preferred capital stock of the par value of $100 a share and 3,500 shares of its common stock, without nominal or par value.

The only real conflict in the record is this: Plaintiff testified that at the meetings on January 30, 1932, resolutions were passed by the board of directors of the defendant expressly assuming the indebtedness of Weaver for salary and 10 per cent profit bonus then coming to plaintiff under the employment contract. The minute book of the corporation does not show such resolution, and the secretary denied that at the meetings of January 30, 1932, any mention was made of plaintiff's employment contract. However, neither Weaver nor Jackson, the other two persons at the meetings, was called as a witness to contradict plaintiff as to such resolutions. The only question submitted to the jury was: Did defendant take over and adopt, as its own, Weaver's contract with plaintiff? If it did, there was no dispute as to the amount of recovery. The jury evidently found that defendant stepped into Weaver's shoes.

The assignments of error present the proposition that the statute of frauds precludes recovery; therefore the court erred in not ordering judgment notwithstanding the verdict. Plaintiff contends that the statute of frauds was not pleaded and that the case was not tried on the theory that the statute had any application. Without deciding the point of practice raised, we shall assume that defendant on this appeal is in position to urge that the statute of

frauds, if applicable, shields from recovery. It is not claimed that plaintiff is concluded by what the minutes of defendant show or omit of its transactions. We think the jury had sufficient warrant in the evidence to reach the conclusion that defendant took over the contract of hire Weaver had with plaintiff. It was shown that plaintiff continued in the same capacity with defendant as with Weaver. He was paid by defendant according to the terms of that contract, and not according to the resolution in the minutes of the directors of defendant fixing plaintiff's salary as vice-president and general superintendent at $6,000 a year. The amount due plaintiff from Weaver under the contract when defendant took over the business, it paid to him. The entire outfit and business as owned and conducted by Weaver was taken over by defendant in exchange for 3,500 shares of its preferred stock and a like number of its common stock. The inference is that the other four stockholders had merely enough stock to qualify them as directors. So it was in reality a transformation of Weaver's individual business to that of the corporation owned and controlled by him as before. We do not consider the statute of frauds applicable to this transaction. Defendant took over the assets and assumed the liabilities of Weaver's business, among which was the contract with plaintiff to work as superintendent for a specified salary and percentage of the net profits. The transaction was upon an adequate consideration agreed to by plaintiff, Weaver, and defendant. As far as plaintiff's employment contract was concerned, it amounted to a substitution of defendant as master in place of Weaver. As such, the substitution of employer was not within the statute of frauds. Browne, Statute of Frauds, §§ 166, 167; Sanders v. Classon, 13 Minn. 352 (379); Ford v. Finney, 35 Ga. 258; Chicago S. & R. Co. v. Sullivan, 246 Ill. App. 538; Acorn Lbr. Co. v. Freidlander Box Co. Inc. 240 Ill. App. 425; Lowe v. Hamilton, 132 Ind. 406, 31 N. E. 1117; Clymer v. DeYoung, 54 Pa. 118; Du Vivier & Co. v. Gallice (C. C. A.) 149 F. 118. There can be no difference in principle between an oral promise of a corporation, organized to take over and carry on the business of an individual, receiving all the assets to pay his liabilities, and such promise to assume a valid written contract of a servant in the busi-

ness, who consents thereto by remaining in the same position with the succeeding master. In neither case does such promise come within the statute of frauds. For a valid and adequate consideration the corporation stepped into the shoes of Weaver under the contract here involved and is bound thereby according to its terms. To so do, it was not necessary that there should be a written agreement executed by it. The acts that concededly took place when considered with the resolution testified to by plaintiff as being adopted by defendant at the January 30, 1932, directors' meeting must be held sufficient to sustain the order denying defendant's motion.

The order is affirmed.